IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                               *
BRIAN ABBOTT, et al.,
                               *
     Plaintiffs,
v.                             *      CIVIL NO.: WDQ-06CV-1675

CSX TRANSPORTATION, et al.,    *

     Defendants.               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Brian Abbott and his wife, Patricia Abbott, have sued CSX
Transportation ("CSX"), and three of its employees, Trainmaster
Robey, Repair Engineer Davies Alvarez and Conductor Alan Moran
(the "Individual Defendants"), for negligence and loss of
consortium.  Plaintiffs have also sued CSX for negligent
entrustment.  Pending is CSX's petition for removal.  For the
following reasons, the petition will be denied.


I.  Background

    On November 17, 2002, Mr. Abbott was seriously injured when
he was struck by a CSX freight train.  Complaint, ¶ 6-8.
Plaintiffs allege that Mr. Abbott was walking next to the CSX
tracks when a metal strap hanging from the train "grabbed [his]
boot and dragged him beneath the train, severing both of his
legs."  *Id* at ¶ 8.  Plaintiffs contend that, at the time of the
accident, CSX was the owner and/or operator of the tracks and

train and that the Individual Defendants were responsible for the
train's safe operation.  *Id* at ¶ 8-13.

CSX is a Virginia corporation with its principal place of
business in Florida.  Plaintiffs and the Individual Defendants
are Maryland citizens.

On October 19, 2005, Plaintiffs sued the Defendants in the
Circuit Court for Baltimore City.  Although the Plaintiffs and
the Individual Defendants are Maryland residents, CSX has
petitioned to remove the case to this Court, arguing that the
Individual Defendants were fraudulently joined to defeat
diversity jurisdiction.


II.  Analysis

Although there must be complete diversity of citizenship for
a district court to exercise diversity jurisdiction, *Dewhurst v.
Telenor Invest AS*, 83 F.Supp.2d 577, 595 (D.Md. 2000)(*citing
Strawbridge v. Curtiss*, 3 Cranch 267 (1806)), a district court
may remove an action when it finds that a non diverse defendant
has been "fraudulently joined." *Mayes v. Rapoport,* 198 F.3d 457,
461 (4th Cir. 1999).  Under the fraudulent joinder doctrine, "a
district court can assume jurisdiction over a case even if, *inter
alia,* there are non diverse named defendants at the time the case
is removed." *Id.*

In order to establish that a defendant has been fraudulently

joined, the removing party must show "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id* at 464.  In deciding whether a plaintiff would be able to establish a cause of action against the in-state defendant, Courts resolve all issues of fact and law in the plaintiff's favor and need only find that there is a "glimmer of hope" that the plaintiff has a right to relief. *Hartley v. CSX Transportation,* 187 F.3d 422, 424, 426 (4th cir. 1999).

CSX argues that the Plaintiffs cannot establish a cause of action against the Individual Defendants because: 1) neither Mr. Robey nor Mr. Alvarez is a proper party to this action; and 2) Mr. Abbott was trespassing on CSX's property when he was injured and, therefore, neither CSX nor its employees had a duty to protect Abbott's safety.  Plaintiffs argue in response that: 1) CSX knew that pedestrians used the path next to the tracks and, therefore, owed Abbott a duty of care, and 2) even if Abbott was trespassing, the defendants were guilty of willful and wanton negligence.

3

A.   Whether the Individual Defendants are Proper Parties?

Although CSX argues that neither Mr. Robey nor Mr. Alvarez is a proper party to this action, CSX does not argue that the Abbotts cannot proceed against Mr. Moran, the conductor of the train.  Accordingly, if Plaintiffs can state a claim against Mr. Moran, they would be able to defeat diversity jurisdiction.

B.   Whether CSX Owed a Duty to Mr. Abbott?

In Maryland, the liability of a property owner depends on the standard of care owed to the injured individual.  *Wagner v. Doehring* 315 Md. 97 (Md. 1989).  The standard of care, in turn, depends on whether the individual was a invitee, licensee or trespasser on the defendant's property.  *Id.*

Plaintiffs have alleged that pedestrians used the pathway next to the CSX tracks with CSX's permission.  Accordingly, Mr. Abbott could be considered a bare licensee; that is, one who enters a property with the landowners consent for his own convenience or purpose.  *Wagner*, 315 Md. 97.  A property owner owes no duty to a bare licensee except to refrain from "wantonly or willfully" injuring or entrapping the person or from creating new undisclosed sources of danger.  *Wagner,* 315 Md. 97, 102; *Jackson v. Pennsylvania Railroad,* 176 Md. 1 (1939).  "Willful" misconduct is an act performed with actual knowledge of its

4

danger and a conscious failure to avert injury.  *Doehring v. Wagner,* 80 Md.App. 237, 246 (Md. Crt. Spec. App. 1989).  A "wanton" act is one performed with reckless indifference to potential injury.  *Id.*

Plaintiffs have alleged that CSX was aware that pedestrians traversed the pathway next to the tracks and that Mr. Abbot was walking along this pathway when he was struck by a metal strap that hung from the train and extended into the pathway.  CSX has conceded that CSX employees observed Mr. Abbott on the pathway (CSX contends that Mr. Abbott was 20 feet from the tracks; Plaintiffs argue he was observed much closer).  If Plaintiffs can show that one of the Individual Defendants was aware that the strap extended from the train into the pathway, then the failure to warn Mr. Abbott, stop the train or correct the problem could be considered reckless indifference to potential injury. Similarly, if Plaintiffs can show that the Individual Defendants were aware that pedestrians regularly traversed the pathway, then the decision to move the train down the track with a metal strap extending into the pathway could be considered wanton misconduct.

As Plaintiffs retain at least a "glimmer of hope" of making a claim against at least one of the Individual Defendants in state court, the Court finds that the joinder of the Individual Plaintiffs was not fraudulent.  Accordingly, CSX's petition for

5

removal will be denied, and this case will be remanded to the

Circuit Court for Baltimore City.


July 31, 2006                                          /s/
Date                                    William D. Quarles, Jr.
                                        United States District Judge